OPINION
{¶ 1} Plaintiff-appellant Dan T. Moore appeals the November 4, 2004 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division, permitting defendant-appellee Danielle Moore to travel outside the United States with the parties' minor child.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married in 1997, and one child was born of the marriage on March 24, 1999. The parties were divorced in June, 2003. The same year, appellant entered a plea of guilty to kidnapping, after having taken the minor child out-of-state. Appellant was sentenced to four years incarceration at the O.D.R.C. Noble Correctional Institution.
 {¶ 3} On December 4, 2003, the Guardian ad litem filed a motion with the trial court requesting the trial court issue an order permitting appellee and the minor child to travel outside the United States. Via Judgment Entry on November 4, 2004, the trial court adopted and incorporated an August 3, 2004 Magistrate's Decision granting appellee permission to travel outside the United States with the parties' minor child in order to visit appellee's relatives. The trial court specifically denied appellee permission to travel to her home country of Kyrgyzstan or any neighboring country due to civil unrest.
 {¶ 4} It is from the November 4, 2004 Judgment Entry appellant now appeals, assigning as error:
 {¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION, FAILED TO PERFORM ITS DUTIES TO PROTECT THE MINOR CHILD, AND VIOLATED THE APPELLANT'S CONSTITUTIONAL AND DUE PROCESS RIGHTS WHEN IT GRANTED THE APPELLEE'S MOTION TO ALLOW HER TO TRAVEL OUT OF THE UNITED STATES WITH APPELLANT'S YOUNG DAUGHTER."
 I {¶ 6} Appellant's assignment of error maintains the trial court abused its discretion in allowing appellee to travel outside the country with the parties' minor child. Specifically, appellant cites the "inappropriate and dangerous lifestyle of the appellee."
 {¶ 7} Our standard of review on appeal is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v.Foley Constr. (1978), 54 Ohio St.2d 279.
 {¶ 8} Upon review, there is no evidence in the record the trial court abused its discretion in permitting appellee and the minor child to travel outside the United States. The trial court specifically denied appellee permission to travel to her home country of Kyrgyzstan or any neighboring country due to civil unrest. Further, as noted above, appellant is currently incarcerated and unable to care for the minor child. Appellant has not demonstrated the trial court acted unreasonably, arbitrarily or unconscionably in granting the motion filed by the Guardian ad litem.
 {¶ 9} Based upon the foregoing, appellant's sole assignment of error is overruled.
 {¶ 10} The November 4, 2004 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed.
Hoffman, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the November 4, 2004 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.